Argued September 13, reversed with instructions October 19, 1966

## SISTERS OF CHARITY OF PROVIDENCE
## IN OREGON *v.* WASHINGTON COUNTY

419 P. 2d 36

*William M. Davis,* Portland, argued the cause and filed the briefs for appellant.

*Ray R. Robinett,* Deputy District Attorney, Hillsboro, argued the cause for respondent. With him on the brief was Hollie Pihl, District Attorney, Hillsboro.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff filed a complaint to recover the value of hospitalization and medical care rendered by plaintiff to one Casimere Priscilla. The case was tried by the court on a stipulated set of facts. Plaintiff appealed from a judgment rendered for the defendant Washington County.

The stipulated set of facts was as follows:

"That on the 26th day of May, 1964, at the Knoll Terrace Apartments, Tigard, Washington County, Oregon, one Casimere Priscilla shot and killed one Mathias C. Volk and immediately thereafter said Priscilla critically wounded himself.

"Police officers were summoned and arrived at the scene of the shooting soon thereafter, said officers on the scene being Oregon State Police and Washington County Deputy Sheriffs and City of Tigard Police.

"An ambulance was summoned and dispatched to St. Vincents Hospital in Portland, Multnomah County, Oregon, and thereafter said hospital provided hospitalization and medical care and treatment to said Priscilla in the amount of $5,961.95.

"After Priscilla reached the said hospital the Sheriff of Washington County, Oregon, placed a Washington County Deputy Sheriff on guard over Priscilla continuously night and day until such time as Priscilla was released from further care and treatment, at which time Priscilla was lodged in the Washington County Jail and charged with second degree murder.

"Priscilla was thereafter tried for said crime and was duly acquitted by a Washington County

Circuit Court at Hillsboro, Washington County, Oregon.

"Priscilla at all of said times hereinbefore stated and at the present time was and now is financially unable to pay all or any part of the hospital services rendered to him by the plaintiff, St. Vincent's Hospital. No part of said bill for services rendered to Priscilla by Plaintiff herein has ever been paid, although Plaintiff has made demands against Priscilla and Defendant for payment thereof.

"QUERY: Under the Law and fact above stated, is Defendant, Washington County, liable to Plaintiff for the services rendered to Priscilla."

Plaintiff claims to be entitled to payment from the county because of the following statutes:

"ORS 169.140 *The keeper of each jail shall furnish* and keep clean the necessary bedding and clothing for all *prisoners in his custody,* and shall supply them *with* wholesome food, fuel and *necessary medical aid.* Male and female prisoners, except husband and wife, shall not be kept or put in the same room." (Emphasis added.)

"ORS 169.150 *The* charges and *expenses for* safekeeping and *maintaining all persons duly committed to the jail of the county for trial,* sentenced to imprisonment in the county jail, or committed for the nonpayment of any fine or for any contempt, *shall,* unless otherwise provided by law, *be paid out of the treasury of the county.* * * *" (Emphasis added.)

Defendant claims the statutes are not applicable because Priscilla was not in the custody of the sheriff nor was he committed to jail.

The only facts available are those in the stipulation. The briefs indicate that there may have been additional facts orally stipulated at the hearing before

the trial judge, but these proceedings were not designated as part of the record upon appeal and are therefore not before us.

An obvious purpose of the statutes is to assure medical services to persons imprisoned by the county. Under their terms they would only apply to Priscilla if he were a prisoner in custody awaiting trial. Priscilla had a 24-hour-a-day guard over him while in the hospital. This would be custody. Defendant suggested that in so far as the stipulation indicates the guard could have been for his protection rather than his custody. Defendant overlooks that the stipulation also provides that at the time of his release from the hospital the custody continued and he was lodged in the Washington County Jail and charged with second degree murder for which he was subsequently tried. The only reasonable inference to be drawn therefrom is that while he was in the hospital he was in custody as a prisoner because the sheriff wished to assure his attendance at trial. The stipulation shows no other facts from which a contrary inference could be drawn.

Defendant contends that there is nothing in the stipulation indicating that the sheriff had anything to do with Priscilla's being transported or admitted to the hospital as a patient. The man was critically wounded and was immediately sent by someone to the hospital from the scene of the shooting where police officials were in the course of investigation. The sheriff took continuous custody of him after admission to the hospital. No hospital is in position to do anything but immediately accept a critically injured person. Under such circumstances his admission would be automatic without arrangement. Therefore, we do not believe that the silence of the stipulation in this respect is material. Considering that the purpose of

the statutes is necessary medical treatment for prisoners, it would not be good public policy to place a hospital in the position where reimbursement from the county for care to a critically wounded person is dependent on the county first having made arrangements with it for admission. As long as it is shown that the sheriff had custody for one of the enumerated statutory purposes during the time the critically injured individual was a patient, the statutory requirements are fulfilled.

Defendant also contends Priscilla was not admitted to jail and that the statute only makes the county responsible if he was so committed. Priscilla's critical condition did not permit his commitment to jail, the normal place of confinement, so the county maintained him in custody at the hospital. The sheriff is the jailer for the county, ORS 169.320. Under such circumstances it is not reasonable to assume that the legislature intended the statute to have no application merely because the jail was not the place of confinement.

The only conclusion that can be drawn from the facts in the stipulation is that at the time the services were rendered in the hospital, Priscilla was in the custody of the Sheriff of Washington County for the purpose of holding him to answer for the crime of murder, and the hospital is therefore entitled to be reimbursed under the provisions of the statutes.[1] He

---

[1] For cases which can be construed as sustaining the position of the court in this opinion see Miller v. County of Dickinson, 68 Iowa 102, 26 NW 31 (1885); Perkins v. Grafton County, 67 NH 282, 29 A 541 (1892); Spicer v. Williamson, 191 NC 487, 132 SE 291 (1926).

Contra, see Malone v. Escambia County, 116 Ala 214, 22 So 503 (1897); Gray v. Coahoma County, 72 Miss 303, 16 So 903 (1894); 25 Or Atty Gen Biennial Rep 198-199 (1950-1952). 13 Or Atty Gen Biennial Rep 293-294, 337 (1926-28).

was a prisoner in custody awaiting trial and was not committed to jail because of his critical condition.

The judgment of the trial court is reversed with instructions to enter judgment for plaintiff as prayed for in plaintiff's complaint.