Argued January 24, reversed February 14, 1977

MERCY MEDICAL CENTER, INC., *Appellant,*
*v.*
DOUGLAS COUNTY, *Respondent.*
(No. 75-1823, CA 6712)

559 P2d 1286

Edward M. Murphy and Murphy, Anderson & Cegavske, Roseburg, filed the brief for appellant.

Paul Nolte, County Counsel, Roseburg, argued the cause for respondent. With him on the brief was William L. Lasswell, District Attorney, Roseburg.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

TANZER, J.

## TANZER, J.

This is an action by a hospital to recover from the county part of the cost of hospitalization of a prisoner of the sheriff. The hospital appeals from a judgment for the county.

The facts are agreed. Charles E. Fortney was shot by a Douglas County deputy sheriff while he was in the act of burgling a school building. He was taken to Mercy Hospital with injuries to the spinal cord and was in the hospital from May 28, 1975, to July 29, 1975. On his admission to the hospital, he was in the custody of the sheriff. The defendant admits that he remained in custody until June 20, 1975 and it has paid for his care up to that date. The plaintiff contends that he was in custody throughout his entire hospitalization.

Sometime before June 20, 1975, the attending physician asked the plaintiff to endeavor to move the patient to Good Samaritan Hospital, and Good Samaritan Hospital was also contacted by the Douglas County Sheriff. Prior to June 20, telephone calls were going back and forth between Good Samaritan Hospital, the Sheriff's Office, and Mercy Hospital with respect to whether Douglas County would assume the cost of Mr. Fortney's hospitalization. The district judge had been informed of these negotiations either by the sheriff or the district attorney and also of the possibility that Mr. Fortney might be removed to Good Samaritan Hospital. On June 20, 1975, a magistrate came to Fortney's hospital room, arraigned him, and then wrote out a statement as follows:

"To Mercy Hospital—

"Charles E. Fortney, First, has been duly arraigned on a charge of Burglary in the First Degree and I have released Mr. Fortney on his own recognizance and he may be transported anywhere in the state of Oregon for medical purposes.

"/s/ Carl M. Felker
District Judge"

At the time of his arraignment, Fortney was completely paralyzed except for his arms. A lung was collapsed, he had a fever, he had no bowel or bladder control, and he was suffering from great pain. He had never been placed under armed guard, and he never requested a release on his own recognizance. No release criteria were expressly applied and no release agreement was ever signed. Fortney was not sent to Good Samaritan Hospital because the defendant refused to approve payment therefor. He remained in the hospital until July 29, 1975, when he left it to make a court appearance.

The liability of the county for the cost of medical care of the prisoners of the sheriff is established by ORS 169.140 and 169.150, which provide:

> "The keeper of each local correctional facility shall furnish and keep clean the necessary bedding and clothing for all prisoners in his custody, and shall supply them with wholesome food, fuel and necessary medial aid."

> "The charges and expenses for safekeeping and maintaining all persons duly committed to the local correctional facility of the county for trial, sentenced to imprisonment in the county local correctional facility, or committed for the nonpayment of any fine or for any contempt, shall, unless otherwise provided by law, be paid out of the treasury of the county. The account of the keeper shall be first allowed by the county court or board of county commissioners of the county from which the prisoner was committed."

Statutory liability extends to the cost of hospitalization where the circumstances imply that the prisoner is in the sheriff's custody, even though some of the procedural niceties of formal custody may not have been observed. *Sisters of Charity v. Washington Co.,* 244 Or 499, 419 P2d 36 (1966).

Here, the county contends it is not liable for hospitalization after June 20 because Fortney had been released on his recognizance from the sheriff's custody and that the release terminated the county's custodial responsibility.

The hospital contends that the county's liability continued because the purported release on recognizance was invalid due to procedural deficiencies. Particularly, the hospital contends that the release failed to comply with statute in several respects, including: failure of the district judge to consider the release criteria set out at ORS 135.230(6) as required by ORS 135.245; failure to hear the district attorney on the question of general release as required by ORS 135.245(5); and, perhaps most significantly, the fact that no release agreement was executed and filed by Fortney, contrary to ORS 135.255(1) which provides:

> "The defendant shall not be released from custody unless he files with the clerk of the court in which the magistrate is presiding a release agreement duly executed by the defendant containing the conditions ordered by the releasing magistrate or deposits security in the amount specified by the magistrate in accordance with ORS 135.230 to 135.290."

We need not reach the issue of whether such statutory noncompliance voids a release on recognizance. To accept the hospital's argument would be to transform into a fugitive every person whose release was based on procedural irregularity. This we decline to do.

■ Procedural noncompliance, however, does serve as evidence of the essential nature of the order signed by the judge. Looking to the direction of the order "To Mercy Hospital," the limiting nature of the words of the release "he may be transported anywhere in the state of Oregon for medical purposes," Fortney's physical condition, and the absence of a request or agreement by Fortney regarding release, all in the context of procedural roughness, we conclude that the purpose and effect of the order was to free Fortney for transportation and further hospitalization without the necessity of providing such transportation or of maintaining a guard unnecessarily, but not to free the sheriff entirely from responsibility for Fortney's care

and judicial appearance.[1] Therefore, the county's liability continued and the hospital is entitled to judgment.

Reversed.

---

[1] Had there been a regular release, or a citation by the sheriff, or an interagency dispute as to liability, a different case would have been presented raising issues we do not here decide.