Argued and submitted February 22, judgment for city affirmed; judgment for county reversed and remanded December 11, 1991, Marion County's reconsideration denied February 19, Emanuel Hospital's reconsideration denied March 4, both petitions for review allowed April 24, 1992 (313 Or 209)

# EMANUEL HOSPITAL,
*Appellant,*

*v.*

# MARION COUNTY
and City of Woodburn,
*Respondents.*

(88C-11948; CA A64151)

823 P2d 419

Jeffrey M. Batchelor, Portland, argued the cause for appellant. With him on the briefs were Milo Petranovich, Vicki L. Smith, and Lane Powell Spears Lubersky, Portland.

Robert C. Cannon, Marion County Legal Counsel, Salem, argued the cause for respondent Marion County. With him on the brief was Jane Ellen Stonecipher, Assistant Marion County Counsel, Salem.

N. Robert Shields, Woodburn City Attorney, Woodburn, argued the cause and filed the brief for respondent City of Woodburn.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**DEITS, J.**

Emanuel Hospital (hospital) brought this action against the City of Woodburn (city) and Marion County (county) to recover the costs of medical care for a patient who was critically burned while committing a crime. Hospital assigns error to the trial court's granting of city's and county's motions for summary judgment and to the denial of its own. It contends that county is liable pursuant to ORS 169.140, ORS 169.150 and ORS 169.165 and that city is liable under ORS 30.795.

The patient had frequently caused problems at Calamity Jane's, a Woodburn tavern, and had been ordered by the proprietors to stay away. He was arrested several times for criminal trespass on the premises and was jailed on August 28, 1987. At that time, he threatened to burn the tavern when he got out. When he was released on August 30, he returned to the tavern and twice said that he had come to carry out his threat. A bartender called police, and Officer Patterson responded. The bartender told her about the threats. Patterson returned to her patrol car and, less than ten minutes later, received a dispatch that the patient had set a fire at the tavern. About that time, she saw him run from the alley behind the tavern. He was dazed, badly burned and smelled of gasoline. Patterson radioed for medical assistance, which arrived within minutes. Shortly thereafter, the patient was taken by helicopter to hospital. He had first, second and third degree burns over 20 to 30 percent of his body.

Two days after the fire, two officers met with the patient in hospital's burn unit. After being advised of his constitutional rights, he confessed to arson. The officers collected his clothing and personal effects as evidence and made arrangements for the hospital staff to notify them before he was discharged. During his 18-day stay at hospital, he was not restrained or guarded. Immediately after his discharge, he was arrested on charges of arson and attempted murder and taken directly to the county jail. Hospital billed him, as well as county and city, but was unable to collect from any of them.

█ █     Hospital first contends that city is liable for the charges and expenses of the patient's care under ORS 30.795.

However, a city's liability for medical expenses is limited to persons being held for violations of the city's ordinances. ORS 30.795 does not provide an independent basis for city liability. *Emanuel Hospital v. Umatilla County*, 110 Or App 206, 210, 823 P2d 421 (1991). The trial court properly granted city's motion for summary judgment.

■ Hospital next contends that county is liable for the medical expenses. As explained in *Emanuel Hospital v. Umatilla County*, *supra*, ORS 169.140 and ORS 169.150 provide that a county is liable for the medical expenses of a person in its custody. In deciding whether county is liable,

> "the critical issue is whether the patient was 'so confined to assure his ultimate attendance at trial.' As the cases have established, that conclusion may be made on the basis that the patient was guarded, on the physical condition of the patient or on the nature of the facility in which the patient is treated. *Sisters of Charity v. Washington Co.*, [244 Or 499, 503; 419 P2d 36 (1966)]; *Mercy Hospital v. Douglas Co.*, [28 Or App 557, 560, 559 P2d 1286 (1977)]." 110 Or App at 213.

■ Although the stipulated facts indicate that the patient suffered serious injuries, there are insufficient facts for the trial court to have concluded as a matter of law whether or not he was in custody for purposes of the statute during his hospital stay. The record indicates that he was not guarded. However, there are not sufficient facts to determine whether his physical condition prevented him from leaving the hospital during his stay. Because there is a genuine issue of material fact, summary judgment for either party was not appropriate. *Emanuel Hospital v. Umatilla County*, *supra*, 110 Or App at 213; *McKee v. Gilbert*, 62 Or App 310, 320, 661 P2d 97 (1983).

Judgment for city affirmed; judgment for county reversed and remanded.