529

Argued and submitted March 5, affirmed October 14, 1992, appellants' petition for
reconsideration allowed by opinion February 3, 1993
See 118 Or App 42 (1993)

CITY OF CENTRAL POINT,
an Oregon municipal corporation,
*Respondent,*

*v.*

C. W. SMITH,
Sheriff of Jackson County;
and Jackson County, a political
subdivision of the State of Oregon,
*Appellants,*

SISTERS OF PROVIDENCE IN OREGON,
an Oregon corporation,
dba "Providence Hospital,"
*Intervenor-Respondent,*

*v.*

CITY OF CENTRAL POINT,
an Oregon municipal corporation;
C. W. Smith, Sheriff of Jackson County;
and Jackson County, a political
subdivision of the State of Oregon,
*Defendants.*

(90-1800-L-1; CA A69976)

839 P2d 259

Arminda J. Brown, County Counsel, Medford, argued the cause for appellants. With her on the briefs was Jackson County Counsel, Medford.

William G. Carter, Medford, argued the cause and filed the brief for respondent City of Central Point, Oregon.

Richard A. Stark and Stark and Hammack, P.C., Medford, joined in the brief of respondent City of Central Point, Oregon, on behalf of intervenor-respondent Sisters of Providence in Oregon.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendants Jackson County and its sheriff, Smith, appeal from summary judgments for plaintiff city and intervenor hospital in this action to recover the cost of an arrested person's medical care and the city's expense in guarding him while he was hospitalized. We affirm.

In the course of arresting Brewer for state criminal offenses, city police officers shot and wounded him. He was taken to the hospital, where he received medical treatment and was hospitalized for a few weeks. The city police notified Smith of the situation and asked him to take custody of Brewer and to take responsibility for guarding him while he was at the hospital. Smith declined, stating that he would not take responsibility until Brewer was medically released. Consequently, city police guarded him while he was hospitalized. In their answer to the city's complaint, defendants admitted that "at all material times Mr. Brewer was in custody for violation of state statutes."

■  Defendants assign error to the trial court's grant of a summary judgment for the city and the hospital on their claims for medical expenses and on the city's claim for its expenses for guarding Brewer. City and the hospital argue that, under ORS 169.140 and ORS 169.150,[1] as we applied them in *Rogue Valley Memorial Hosp. v. Jackson Cty.*, 52 Or App 357, 629 P2d 377, *rev den* 291 Or 368 (1981), and *Bd of Higher Educ. v. Wash. Co.*, 52 Or App 369, 629 P2d 373, *rev den* 291 Or 368 (1981), county is responsible for the costs of Brewer's medical care while he was hospitalized in a custodial situation in lieu of being lodged in the county jail. Defendants respond that our analysis in those cases did not survive the

---

[1] ORS 169.140 provides:

"The keeper of each local correctional facility shall furnish and keep clean the necessary bedding and clothing for all prisoners in the custody of the keeper, and shall supply them with wholesome food, fuel and necessary medical aid."

ORS 169.150 provides:

"The charges and expenses for safekeeping and maintaining all persons duly committed to the local correctional facility of the county for trial, sentenced to imprisonment in the county local correctional facility, or committed for the nonpayment of any fine or for any contempt, shall, unless otherwise provided by law, be paid out of the treasury of the county. The account of the keeper shall be first allowed by the county court or board of county commissioners of the county from which the prisoner was committed."

subsequent enactment of ORS 30.795 and ORS 169.165 or the Supreme Court's decision in *Salem Hospital v. Marion County*, 307 Or 213, 766 P2d 376 (1988).

After the parties filed their briefs, we rejected arguments similar to defendants' in *Emanuel Hospital v. Umatilla County*, 110 Or App 206, 823 P2d 421 (1991), *rev allowed* 313 Or 209 (1992), *Emanuel Hospital v. Marion County*, 110 Or App 215, 823 P2d 419 (1991), *rev allowed* 313 Or 209 (1992), and *Emanuel Hospital v. Multnomah County*, 110 Or App 516, 823 P2d 1019, *rev allowed* 313 Or 209 (1992). Our holdings in those cases are controlling here. Further, unlike in those cases, there are no disputed questions of material fact here regarding the prisoner's custodial status while in the hospital. Accordingly, we conclude that the trial court correctly allowed city's and hospital's motions on their claims for the costs of Brewer's medical care.

■ City's claim for reimbursement for the expenses of guarding Brewer is based on an underlying *quasi-contract* theory and on ORS 169.150 and ORS 169.320. The latter statute provides, in part:

> "Except as otherwise provided in ORS 169.170 to 169.210, each county sheriff shall have custody and control of all persons legally committed or confined in the county local correctional facility of the county of the sheriff during the period of such commitment or confinement * * *."

City and hospital reason that county's responsibility for custody of prisoners held on state charges and for payment of custodial expenses require that county repay city the expenses that it incurred in performing the sheriff's duty. *See Rogue Valley Memorial Hosp. v. Jackson Cty., supra*, 52 Or App at 363.

Defendants' response is, in part, a duplication of their argument concerning medical expenses. We do not find it persuasive for the same reasons. They also argue that, to obtain restitution, a plaintiff must demonstrate that the defendant had a duty to perform the service that the plaintiff performed in its stead. They assert that the sheriff is charged with no such duty, because ORS 169.320 refers to custodial responsibilities for persons "legally committed or confined in

the county local correctional facility," not for persons detained at hospitals.

That argument is based on the same premise as · defendants' contention regarding medical care. Like ORS 169.320, ORS 169.140 specifies that the duty to provide medical care, *inter alia*, for persons who are in custody applies to the "keeper[s] of * * * local correctional facilit[ies]." The operative language of the statutes pertaining to medical aid and the guarding of prisoners is virtually identical. *See* note 1, *supra*. There is no reason why the "constructive custody" rationale of our earlier decisions should apply in one context and not in the other, or why the duty to guard hospitalized prisoners is not coextensive with the duty to provide medical care. Defendants advance no other arguments as to why city should not be entitled to restitution except policy arguments that must be left to the legislature. The trial court did not err in granting summary judgment.

Defendants also contend that the court erred by denying their cross-motions for summary judgment. Those contentions are answered by our conclusions concerning city's and hospital's motions.

Affirmed.