404

Argued and submitted May 7, judgment of circuit court reversed in part and case remanded to circuit court with instructions October 22, 1992

EMANUEL HOSPITAL,
an Oregon nonprofit corporation,
*Respondent on Review,*

*v.*

MULTNOMAH COUNTY,
*Petitioner on Review,*

*and*

CITY OF PORTLAND,
*Respondent on Review.*

(CC A8810-05358; CA A63375; SC S38926)

840 P2d 62

H. H. Lazenby, Jr, Assistant County Counsel, Portland, argued the cause and filed the petition for petitioner on review. With him on the petition was Laurence Kressel, County Counsel for Multnomah County, Portland.

Jeffrey M. Batchelor, of Lane Powell Spears Lubersky, Portland, argued the cause for respondent on review Multnomah County.

Thomas R. Williams, Senior Deputy City Attorney, City of Portland, waived oral argument for respondent on review City of Portland.

Paul Snider, Legal Counsel, Association of Oregon Counties, Salem, and John B. Leahy, of Williams, Fredrickson, Stark & Weinsensee, P.C., Portland, filed a brief on behalf of *amicus curiae* Association of Oregon Counties.

PETERSON, J.

## PETERSON, J.

Emanuel Hospital (Emanuel) brought this action against the City of Portland (Portland) (under ORS 30.795) and Multnomah County (under ORS 169.165, 169.140, and 169.150) to recover expenses for medical treatment of three patients (Chilson, Hartse, and Seymour). The trial court granted Emanuel's motion for partial summary judgment, deciding that all three patients were in the custody of Portland law enforcement officers (under ORS 30.795) and the Multnomah County correctional facility (under ORS 169.165). Multnomah County operates the county correctional facility. At trial, the court found that Emanuel had made reasonable efforts to collect payment from the three patients, ORS 169.165(3)(a)(B), and held Portland and Multnomah County jointly and severally liable for the medical services provided to the three patients.

Multnomah County appealed all three matters to the Court of Appeals, asserting that the trial court erred in granting Emanuel's motion for partial summary judgment and in denying Multnomah County's motion for summary judgment. Portland appealed only the partial summary judgment on the Hartse matter.

As to Portland, the Court of Appeals remanded for a determination whether Hartse was in the custody of Portland law enforcement officers. On Multnomah County's appeal of the partial summary judgment against it, the Court of Appeals reversed and remanded to the trial court for trial on all three matters. *Emanuel Hospital v. Multnomah County*, 110 Or App 516, 823 P2d 1019 (1992). Multnomah County seeks review, asserting that, as a matter of law, it has no liability. As to Multnomah County, we reverse.[1]

The facts concerning each of the three patients are discussed separately.

---

[1] Emanuel has not sought review of the Court of Appeals decision reversing the summary judgment against Portland. Concerning the liability of a city under ORS 30.795, *see Emanuel Hospital v. Umatilla County*, 314 Or 393, 840 P2d 56 (1992).

## CHILSON

■ After responding to a report about a man fighting with his girlfriend, Portland police officers shot Chilson in the shoulder, back, thigh, and chest after he threatened them with a handgun. Portland police officers accompanied him to the hospital and continued to guard him for at least two of the six days that he was confined there. When he was released from the hospital, Chilson was arrested on charges of kidnapping and menacing. In *Emanuel Hospital v. Umatilla County*, 314 Or 393, 840 P2d 56 (1992), this court ruled that,

> "when a city law enforcement officer has custody of a person while that person is receiving emergency medical care from a provider, [and] the public agency that employs the officer is subject to liability for the cost of that care under ORS 30.795[,] the county correctional facility to which that person may be sent in the future has no liability for the cost of that medical care under ORS 169.140 and 169.150." *Id.* at 403.

Under the interpretation of ORS 30.795 in *Emanuel Hospital v. Umatilla County, supra*, Chilson was in the custody of Portland police officers when he received medical care from Emanuel. He was not in the custody of the correctional facility operated by Multnomah County. ORS 169.165. Therefore, Multnomah County cannot be liable for the medical expenses associated with Chilson's injury.

## HARTSE

■ In an altercation at a hotel, Hartse was handcuffed and then accidently shot in the back by an Oregon State Police officer.[2] A Portland police officer then followed Hartse's ambulance to the hospital and guarded Hartse for approximately two hours until a state police officer relieved him. After release from the hospital, Hartse was held in the Multnomah County jail to await arraignment and trial on charges relating to criminal conduct at the hotel. The fact that the state police officer handcuffed Hartse indicates that he had assumed custody of Hartse. At the hospital, both Portland police officers and state police officers

---

[2] Emanuel has made no claim against the Oregon State Police or any other state agency in this case.

guarded Hartse at different times. For purposes of ORS 30.795, either the state police officers or Portland police officers had custody of Hartse while he received medical treatment. We need not decide between the two here. Therefore, Multnomah County has no liability for the cost of that medical care. *Emanuel Hospital v. Umatilla County, supra*, 314 Or at 403.

## SEYMOUR

■       The Portland Fire Bureau responded to a call about "a man fallen down." The fire fighters found Seymour, who, having damaged the door lock, had locked himself inside the apartment that he had just burglarized. When he tried to escape through a window, Seymour fell several stories to the ground. Fire fighters transported him by ambulance to the hospital. After an investigation at the scene, a Portland police officer went to the hospital. When Seymour had recovered enough to talk, the officer explained to him that he was under arrest. He was guarded by Portland police officers for an unknown period.

No Multnomah County personnel had anything to do with Seymour until after his release from Emanuel. Multnomah County did not have custody of Seymour at any time while he was in the hospital. Therefore, it is not liable for the cost of Seymour's hospitalization.[3]

In summary, both Chilson and Seymour were in the custody of Portland police officers while receiving emergency medical services from Emanuel, and Hartse was in the custody of either Portland police officers or state police officers while he received emergency medical services from Emanuel. Therefore, the Multnomah County correctional facility (under ORS 169.140, 169.150, and 169.165) did not have custody of any of the three patients. Thus, Multnomah County is not liable for the cost of their medical care.

---

[3] *Sisters of Charity v. Washington Co.*, 244 Or 499, 419 P2d 36 (1966), held that a hospitalized murder suspect, under 24-hour-a-day guard by the county sheriff who also operated the county correctional facility, is deemed to be in the constructive custody of that facility under ORS 169.165. For a discussion of how ORS 30.795 applies to constructive custody, see *Emanuel Hospital v. Umatilla County, supra* note 1, 314 Or at 402.

The judgment of the circuit court against Multnomah County is reversed. The case is remanded to the circuit court for entry of judgment in favor of Multnomah County and for further proceedings.[4]

---

[4] As noted above, the trial court ruled that Portland was liable for Seymour's and Chilson's care, and Portland did not appeal that ruling.