On appellant's petition for reconsideration filed November 12, 1992, reconsideration allowed; opinion (115 Or App 529, 839 P2d 259) withdrawn; reversed and remanded February 3, reconsideration denied February 24, petition for review denied June 22, 1993 (317 Or 162)

CITY OF CENTRAL POINT, OREGON,
an Oregon municipal corporation,
*Respondent,*

*v.*

C.W. SMITH,
Sheriff of Jackson County, Oregon,
and Jackson County, Oregon,
a political subdivision of the State of Oregon,
*Appellants,*

SISTERS OF PROVIDENCE IN OREGON,
an Oregon corporation,
dba "Providence Hospital,"
*Intervenor-Respondent,*

*v.*

CITY OF CENTRAL POINT, OREGON,
an Oregon municipal corporation,
C.W. Smith, Sheriff of Jackson County, Oregon,
and Jackson County, Oregon,
a political subdivision of the State of Oregon,
*Defendants.*

(90-1800-L-1; CA A69976)

846 P2d 410

Arminda J. Brown, County Counsel, Medford, for petition.

William G. Carter, Medford, *contra.*

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendants Jackson County and its sheriff, Smith, petition the Supreme Court for review of our opinion affirming the trial court's summary judgment for plaintiff city and intervenor hospital in their action to recover from defendants the costs of medical care for and the guarding of a prisoner. 115 Or App 529, 839 P2d 259 (1992). Treating the petition as one for reconsideration, ORAP 9.15, we allow it, withdraw our opinion and reverse and remand.

In reaching our conclusion that defendants were liable for the costs of medical care, we relied on our decisions in *Emanuel Hospital v. Umatilla County*, 110 Or App 206, 823 P2d 421 (1991), *Emanuel Hospital v. Marion County*, 110 Or App 215, 823 P2d 419 (1991), and *Emanuel Hospital v. Multnomah County*, 110 Or App 516, 823 P2d 1019 (1992). We had concluded in those cases that, under ORS 169.140, ORS 169.150, ORS 169.165 and ORS 30.795, a county can be charged with the medical expenses of a prisoner, like the one here, who is hospitalized before being taken into the county's physical custody, if the prisoner is in a custodial setting during the hospitalization.

After our decision in this case, the Supreme Court reversed our principal holdings in the three cases cited above. *Emanuel Hospital v. Umatilla County*, 314 Or 393, 840 P2d 56 (1992); *Emanuel Hospital v. Marion County*, 314 Or 474, 840 P2d 62 (1992); *Emanuel Hospital v. Multnomah County*, 314 Or 404, 840 P2d 62 (1992). It explained in the *Umatilla County* case:

> "The legislature likely intended, in enacting ORS 30.795, to fill a gap to cover those situations in which a person was in the custody of a law enforcement officer (but not yet in the physical custody of a local correction facility), rather than to create dual liability. When the statutes are read together in this way, they separate correctional facility liability from law enforcement agency liability. It is logical to conclude that, by enacting ORS 30.795 and thereby making the agency that employs the police officer liable, the legislature intended that a correctional facility not be liable. By enacting ORS 30.795, the legislature has limited a correctional facility's liability to situations in which the patient's connection with the correctional facility is more direct than the connection that exists here.

"We hold today that, under ORS 30.795, when a city law enforcement officer has custody of a person while that person is receiving emergency medical care from a provider, the public agency that employs the officer is subject to liability for the cost of that care under ORS 30.795; the county correctional facility to which that person may be sent in the future has no liability for the cost of that medical care under ORS 169.140 and 169.150. Therefore, in the present case, any agency liability for the medical care provided by Emanuel is exclusively Hermiston's. Umatilla County, which operates the local county correctional facility, has no liability." 314 Or at 402-03. (Footnote omitted.)

Defendants argue, and we agree, that the Supreme Court's decisions are contrary to our holding on the medical care issues in this case as well as in the cases that were reversed directly. In its response to the petition, city takes the opposite view, but its arguments amount to statements of disagreement with the Supreme Court's opinions. Because this *is* a petition to the Supreme Court, those arguments are not inappropriate, but *we* cannot accept them.

City also argues that the recent Supreme Court opinions have no bearing on our conclusion that defendants are liable for city's costs in guarding the prisoner while he was hospitalized. *See* ORS 169.320. We disagree. The rationale of the Supreme Court, that the statutory scheme makes responsibility contingent on actual custody, is as applicable in this context as it is in the context of medical expenses.

The granting of summary judgment was error.

Reconsideration allowed; opinion withdrawn; reversed and remanded.